## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION
## CIVIL ACTION NO. 1:11CV-00081-JHM

**TIMOTHY A. DRIVER**                                                                                          **PLAINTIFF**

**VS.**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**                                                                **DEFENDANT**

### FINDINGS OF FACT, CONCLUSIONS OF LAW
### AND RECOMMENDATION

#### BACKGROUND

Before the Court is the complaint (DN 1) of Timothy A. Driver ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). Both the plaintiff (DN 8) and the defendant (DN 9) have filed a Fact and Law Summary.

Pursuant to General Order 11-10 the undersigned United States Magistrate Judge has been referred the case to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law and Recommendations. 28 U.S.C. Section 636(b)(1)(B). By Order entered August 2, 2011 (DN 7), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

#### FINDINGS OF FACT

Plaintiff filed applications for Disability Insurance ("DI") and Supplemental Security Income ("SSI") benefits on July 11, 2007 (Tr. 28, 128, 159). Plaintiff alleged that he became disabled on

July 15, 2007 as a result of kidney/right renal cyst, low back and stomach pain, bulging discs, blood in urine, extreme sense of needing to urinate, mass in left thigh causing pain in leg and foot, and major depression with extreme nervousness (Tr. 28, 159, 182). Administrative Law Judge George A. Jacobs ("ALJ") conducted a hearing on December 3, 2009 in Bowling Green, Kentucky (Tr. 43). The plaintiff was present and represented by attorney Richard Burchett. Also present and testifying was Constance Brown as a vocational expert.

In a decision dated February 25, 2010, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 28-36). The ALJ found that plaintiff met the insured status requirements of the Social Security Act through December 31, 2008 (Tr. 30). At the first step, the ALJ found plaintiff has not engaged in substantial gainful activity since July 15, 2007, the alleged onset date (Tr. 30). At the second step, the ALJ determined that plaintiff's degenerative disc disease of the lumbar spine, right renal cystic mass, obesity, and depression/anxiety are "severe" impairments within the meaning of the regulations (Tr. 30). Notably, at the second step, the ALJ also determined that plaintiff's hypertension is a "non-severe" impairment within the meaning of the regulations (Tr. 31). At the third step, the ALJ concluded that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 31-32).

At the fourth step, the ALJ found plaintiff has the residual functional capacity to perform less than a full range of sedentary work (Tr. 32). More specifically, the ALJ found that plaintiff "has the residual functional capacity to perform sedentary work ... except that he must have a sit/stand option with at least 30 minutes in a position, can perform postural activities occasionally but can never climb ladders, ropes, or scaffolds, and cannot push and/or pull with the lower extremities" (Tr.

32).  Additionally, the ALJ found that plaintiff's ability to perform sedentary work is also limited because he "can perform only simple, repetitive tasks, have only occasional contact with supervisors and co-workers, and have no contact with the public" (Tr. 32).  Relying on testimony from the vocational expert, the ALJ found that plaintiff is unable to perform any of his past relevant work as a car detailer, floor care, material handler, and kitchen helper (Tr. 34).

The ALJ proceeded to the fifth step where he considered plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 34-35).  The ALJ found that plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 34-35).  Therefore, the ALJ concluded that plaintiff has not been under a "disability", as defined in the Social Security Act, from July 15, 2007 through the date of the decision, February 25, 2010 (Tr. 34-36).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 23-24).  The Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 1-4).

## CONCLUSIONS OF LAW

The Social Security Act ("Act") authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities.  42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income).  The term "disability" is defined as an

> "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a),

416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general, 20 C.F.R. Sections 404.1520, 416.920. In summary, the evaluation proceeds as follows:

> 1) Is the claimant engaged in substantial gainful activity?
>
> 2) Does the claimant have an impairment or combination of impairments that significantly limits his or her ability to do basic work activities?
>
> 3) Does the claimant have an impairment that satisfies the duration requirement and meets or medically equals the criteria of a listed impairment within Appendix 1?
>
> 4) Does the claimant have the residual functional capacity to return to his or her past relevant work?
>
> 5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied plaintiff's claim at the fifth step.

As previously mentioned, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); See 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Secretary of Health and Human Serv's., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.

Landsaw v. Secretary of Health and Human Serv's., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Secretary of Health and Human Serv's., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Secretary of Health and Human Serv's., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

Plaintiff argues that the ALJ's residual functional capacity finding is not supported by substantial evidence in the record because he failed to comply with 20 C.F.R. §§ 404.1527 and 416.927 in assigning weight to the medical opinion expressed by his treating neurosurgeon, Mladen Djurasovic, M.D. (DN 8, Memorandum at Pages 2-5). By contrast, defendant argues the ALJ's assignment of little weight to the medical opinion of Dr. Djurasovic was supported by substantial evidence in the record and fully comports with 20 C.F.R. §§ 404.1527(d) and 416.927(d) (DN 9 at Pages 4-6).

The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546, 416.945(a), 416.946. It is based on a consideration of medical source statements and all other evidence in the case record about what a claimant can do despite limitations caused by his or her physical and mental impairments. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546, 416.929, 416.945(a), 416.946. The Administrative Law Judge's consideration of medical source statements in the record begins with a determination whether to

5

assign controlling weight to the medical opinion of a treating source. 20 C.F.R. §§ 404.1527(d), 416.927(d). Controlling weight is assigned to the medical opinion of a treating source only when it is both well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. Social Security Ruling 96-2p; 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); <u>Bogle v. Sullivan</u>, 998 F.2d 342, 347-348 (6th Cir. 1993); <u>Crouch v. Secretary of Health and Human Services</u>, 909 F.2d 852, 857 (6th Cir. 1990). Notably, if the medical opinion of the treating source is found not to be entitled to controlling weight then the Administrative Law Judge must determine how much weight it should be accorded and set forth in the administrative decision good reasons for the weight given to that medical opinion. Social Security Ruling 96-2p; 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); <u>Wilson v. Commissioner of Social Security</u>, 378 F.3d 541, 545-546 (6th Cir. 2004) (The Administrative Law Judge must provide "good reasons" for discounting the opinion of a treating physician). Additionally, if the Administrative Law Judge does not assign controlling weight to the treating source's medical opinion then the Administrative Law Judge must explain in the decision the weight assigned to the medical opinions expressed by the examining and non-examining sources in the record. 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii); Social Security Ruling 96-6p.

In making the residual functional capacity assessment the ALJ indicated he considered the medical opinion evidence "in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p" (Tr. 32). Thus, the ALJ considered Dr. Djurasovic's medical opinion regarding plaintiff's residual functional capacity (Tr. 32, 34, 570-571). In pertinent part the ALJ's decision reads as follows:

> On September 1, 2009, two months following the claimant's back surgery, his treating physician, Dr. Mladen Djurasovic, performed a

> residual functional capacity assessment (Exhibit 25F). According to Dr. Djurasovic, in an eight-hour workday, the claimant could stand for less than two hours at a work station, sit for less than two hours at a work station, sit/stand at a work station, with a sit/stand option, for less than four hours, walk about a block, and lift less than 10 pounds occasionally. He further opined that the claimant's abilities to climb, balance, twist, turn, stoop, bend, reach, handle, push, pull, and use his feet for treading were restricted. Finally, he opined that the claimant should avoid unprotected heights and vibration, that the claimant's condition was acute, and that, "on the average, over time, I would expect the patient to miss work because of treatments/impairments/symptoms from any kind of employment requiring all day attendance with the usual breaks at set times all the time." This opinion is given little weight, as it was rendered only two months following the claimant's back surgery.

(Tr. 34).

The undersigned has reviewed the residual functional capacity assessment submitted by Dr. Djurasovic. Notably, he did not indicate plaintiff had reached maximum medical improvement (Tr. 570-571). In fact, by handwritten notation, Dr. Djurasovic indicated "[c]urrently recovering from surgery" was the reason he "would expect the patient to miss work all the time because of treatments/impairments/symptoms" (Tr. 571). Further, contrary to plaintiff's assertion, the ALJ obviously considered Dr. Djurosovic's specialized expertise in neurosurgery as well as other evidence in the record regarding plaintiff's physical limitations. Therefore, the undersigned concludes the ALJ has set forth "good reasons" for assigning little weight to the residual functional assessment prepared by Dr. Djurosovic. Wilson, 378 F.3d at 545-546. Moreover, the undersigned concludes that the ALJ's findings regarding the weight assigned to Dr. Djurosovic are supported by substantial evidence in the record and fully comport with applicable law, including 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). In sum, the undersigned finds no merit to plaintiff's challenge to the ALJ's residual functional capacity finding.

Notably, in making the above argument Plaintiff encourages the Court to consider a June 2010 lumbar MRI that he submitted to the Appeals Counsel in connection with his request for review of the ALJ's decision (DN 8, Memorandum at Page 4). Apparently, plaintiff believes this MRI report is part of the record the Court may consider, even though the Appeals Council declined his request for review (Tr. 1-4). Plaintiff's belief, however, is contra to well-established case law in the Sixth Circuit. When the Appeals Council considers new evidence, but declines review, the district court cannot consider the new evidence in deciding whether to uphold, modify, or reverse the final decision of the Commissioner. Cline v. Commissioner of Social Security, 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993). This approach makes sense because the Court is reviewing the decision of the ALJ which became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. See 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline, 96 F.3d at 148; Cotton, 2 F.3d at 695-696.

The Court can, however, consider the June 2010 MRI report for the limited purpose of determining whether a prejudgment remand is appropriate pursuant to sentence six of 42 U.S.C. §405(g). However, plaintiff has not requested such a remand (DN 8). Further, he has made no effort to demonstrate the MRI report is material and there is good cause for failing to present it to the ALJ. Cline, 96 F.3d at 148; Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 174-175 (6th Cir. 1994). Therefore, the undersigned concludes a prejudgment remand pursuant to sentence six of 42 U.S.C. §405(g) is not appropriate.

Next, plaintiff challenges the ALJ's findings at the fifth step in the sequential evaluation process. However, his challenge rests upon the success of his residual functional capacity argument above. For the reasons set forth above, the ALJ's residual functional capacity finding is support by

substantial evidence and fully comports with applicable law. Therefore, plaintiff's challenge to the ALJ's findings at the fifth step must fail.

## RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence, and it is recommended that judgment be granted for the Commissioner. Additionally, the undersigned concludes that plaintiff has failed to demonstrate that a remand pursuant to sentence six of 42 U.S.C. § 405(g) is proper and it is recommended that such a remand be denied.

## NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be

timely filed or further appeal is waived.  Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984).


Copies:        Counsel